AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

SOUTHERN District of OHIO

UNITED STATES OF AMERICA
V.

J. Patrick Kisor

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 1:05cr037

USM Number: 04110-061

Glenn V. Whitaker, Esq. & Eric W. Richardson, Esq.
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)  1, 2, & 3 of an Information

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1343 | Wire Fraud | 3/16/2005 | 1 |
| 15 USC §§ 77q & 77x & 18 USC § 2 | Securities Fraud | 3/16/2005 | 2 |
| 18 USC §§ 1957 & 2 | Engaging in an Illegal Monetary Transaction | 3/16/2005 | 3 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 25, 2005
Date of Imposition of Judgment

/s/ M.H. Watson
Signature of Judge

Michael H. Watson, United States District Judge
Name and Title of Judge

August 26, 2005
Date

AO 245B     (Rev. 12/03) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT:     J. Patrick Kisor
CASE NUMBER:     1:05cr037

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Counts 1 & 3: Ninety (90) Months.  Count 2: Sixty (60) Months.  The sentences are to be served concurrently.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

X The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    X as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT: J. Patrick Kisor
CASE NUMBER: 1:05cr037

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Counts 1-3: Three (3) Years to be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
          Sheet 3A — Supervised Release

Judgment—Page 4 of 6

DEFENDANT:     J. Patrick Kisor
CASE NUMBER:   1:05cr037

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The Defendant shall provide all financial information to his United States Probation Officer.

2. The Defendant shall be prohibited from engaging in an occupation involving investments.

3. The Defendant shall be prohibited from opening any new lines of credit without the permission of his United States Probation Officer.

DEFENDANT: J. Patrick Kisor
CASE NUMBER: 1:05cr037

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ | $ 6,901,674.31 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See list of payees under separate cover attached | | 6,901,674.31 | |

| **TOTALS** | $ _____ | $ 6,901,674.31 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

J. Patrick Kisor Victim's List

| Name | Amount |
|---|---|
| Jobie A. Patrick | $ 7,420.00 |
| Lyle M. Pushman | $ 52,483.89 |
| Jack Miner II | $ 41,200.55 |
| Michael List | $ 12,750.00 |
| Gary F. Roby | $ 74,200.00 |
| Larry A. Matheson | $ 23,546.91 |
| Doug Chapple | $ 74,200.00 |
| John J. And Ann E. Hern | $ 73,990.00 |
| Walter L. Everett, M.D. | $ 354,783.00 |
| Wayne K. Saari | $ 52,642.12 |
| Neil Vonfeldt | $ 92,053.04 |
| John and Joanne DiGiuseppe | $ 37,100.00 |
| Michael Baratta | $ 35,790.08 |
| Michelle Baratta | $ 24,138.49 |
| John Michael Stagge | $ 10,000.00 |
| Christopher G. Saari | $ 28,860.00 |
| Robert E. Eggenberger | $ 197,554.84 |
| Robert E. Eggenberger | $ 33,370.75 |
| Valeri D. Vitale | $ 64,265.92 |
| Jack D. Burket | $ 425,200.13 |
| Larry Hamm | $ 28,171.20 |
| Linda R. Pushman | $ 148,010.45 |
| Wayne K. Saari Trust | $ 35,616.00 |
| Curtis Nolan Callahan | $ 31,535.00 |
| N. David Eansor | $ 341,320.00 |
| Sharon Uhles | $ 97,356.80 |
| Errol J. Stern | $ 250,000.00 |
| Thomas and Sandra Vogel | $ 76,000.00 |

| Name and Address | Amount |
|---|---|
| Evelyn M. Vogel | $ 90,000.00 |
| Jennifer Adams | $ 148,400.00 |
| Peter E. Johnson | $ 102,805.88 |
| Debbie Chitwood | $ 43,983.12 |
| William Jarvis | $ 302,000.00 |
| Phillip E. Church | $ 56,317.80 |
| Deborah Hanson | $ 52,676.83 |
| Ronald R. Matheson | $ 897,202.27 |
| James C. Voss | $ 130,000.00 |
| Edward M. Prokopp, DDS | $ 28,562.90 |
| Edward M. Prokopp, DDS | $ 66,800.00 |
| Brent & Debbie Chitwood | $ 48,230.00 |
| Janet Rebone | $ 135,180.38 |
| George V. Dussich | $ 133,200.00 |
| Mike Ludzack | $ 3,500.00 |
| Donald Lemire, Jr. DDS | $ 52,000.00 |
| David Schneider | $ 400,000.00 |
| John McLaughlin | $ 371,000.00 |
| Joseph Berry | $ 74,000.00 |
| Nicholas Kroehner | $ 160,000.00 |
| Laura Hedeen | $ 74,200.00 |
| Carl Hedeen | $ 74,200.00 |
| Donald Hedeen | $ 74,200.00 |
| Pamela Munro | $ 32,000.00 |
| Beverly Benczik | $ 50,213.90 |
| Steve Brinn, M.D. | $ 100,000.00 |
| Barbara Mackenzie | $ 3,000.00 |
| Herbert Elfring, Jr. | $ 474,442.06 |
| **TOTAL** | $ 6,901,674.31 |

DEFENDANT: J. Patrick Kisor
CASE NUMBER: 1:05cr037

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  X  Lump sum payment of $ __6,901,974.31__ due immediately, balance due

    ☐ not later than _____ , or
    X in accordance ☐ C, ☐ D, X E, or ☐ F below; or

B  X  Payment to begin immediately (may be combined with ☐ C, ☐ D, or X F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  X  Payment during the term of supervised release will commence within __30 days__ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

    The Defendant shall begin payment of his restitution while incarcerated under the Inmate Financial Responsibility Program.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

X The defendant shall forfeit the defendant's interest in the following property to the United States:
See attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Kisor Forfeiture

a. A 1996 Vector M12, VIN 1V9MB1220T1048001, registered to American Aeromotive Corporation, 7335 Park Avenue, Cincinnati, Ohio 45231;

b. A 1999 Vector M12, VIN 1V9MB1228X1048012, registered to American Aeromotive Corporation, 7335 Park Avenue, Cincinnati, Ohio 45231;

c. A 1962 Chevrolet Corvette, VIN 20867S111791, registered to Icelands Acquisitions LLC, 6610 Hudson Parkway, Cincinnati, Ohio 45213;

d. A 1998 Dodge Viper, VIN 1B3ER69E5WV400789, registered to Icelands Acquisitions LLC, 6610 Hudson Parkway, Cincinnati, Ohio 45213;

e. A 2000 Ford Mustang Cobra, VIN 1FAFP47HXYF222990, registered to Icelands Acquisitions LLC, 6610 Hudson Parkway, Cincinnati, Ohio 45213;

f. A 1998 Lincoln Navigator, VIN 5LMPU28L3WLJ33459, registered to Icelands Acquisitions LLC, 6610 Hudson Parkway, Cincinnati, Ohio 45213;

g. A 1957 Chevrolet Belair, VIN C37N214104, registered to Icelands Acquisitions LLC, 6610 Hudson Parkway, Cincinnati, Ohio 45213;

h. A 2000 Volkswagen Beetle, VIN 3VWCD21C8YM448062, registered to Icelands Acquisitions LLC, 6610 Hudson Parkway, Cincinnati, Ohio 45213;

i. A 2000 Ford F-150 Pickup, VIN 1FTRX17L5YNC08219, registered to Icelands Acquisitions LLC, 6610 Hudson Parkway, Cincinnati, Ohio 45213;

j. A 2000 Harley Davidson, VIN 1HD1FRW13YY615449, registered to Icelands Acquisitions LLC, 6610 Hudson Parkway, Cincinnati, Ohio 45213;

k. A 2000 Suzuki GXR, VIN JS1GW71A8Y2100340, registered to Icelands Acquisitions LLC, 6610 Hudson Parkway, Cincinnati, Ohio 45213;

l. 400,000 shares of Series A Stock in Novus Capital, LLC held in the name of PDK International, LLC as evidenced by Stock Certificates Number 16 and 38, dated June 3, 2002; and

m. 176,356 shares of IPEC/Nostromo stock received from Gregory Martini.

**CRIMINAL CASE NUMBER      1:05cr037**

**U.S.A. -vs- J. Patrick Kisor**

**THE STATEMENT OF REASONS PAGE IS FILED UNDER SEAL FROM THE ORIGINAL JUDGMENT FILED IN THIS CASE.**

**THESE PAGES ARE NOT FOR PUBLIC DISCLOSURE; THEREFORE, DISCLOSURE OF THESE DOCUMENTS SHALL BE BY ORDER OF THE COURT ONLY.**

**JAMES BONINI, CLERK**

**BY:** _____
**Deputy Clerk**

**DATE:** 8/26/05